```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


REGSCAN, INC.,                    )
                                  )
     Plaintiff,                   )
                                  )
          v.                      )    1:11cv1129 (JCC/JFA)
                                  )
THE BUREAU OF NATIONAL            )
AFFAIRS, INC.,                    )
                                  )
     Defendant.                   )
```

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiff RegScan, Inc.'s Motion to File Under Seal (the Motion).  For the reasons stated below, the Court will grant Plaintiff's Motion.

### I. Background

#### A. Factual Background

RegScan specializes in electronic regulatory publishing and compliance management.  (Ertel Aff. [Dkt. 7] ¶ 3.)  RegScan submits that it approached Defendant, The Bureau of National Affairs, Inc. (BNA), in late 2009 about opportunities to work with RegScan and that it proposed a joint venture regarding a particular regulatory tracking product.  (Compl. [Dkt. 1] ¶¶ 18, 24.)  On November 13, 2009, the parties entered into a "Mutual Non-Disclosure Agreement" (the Agreement).  (Compl. ¶ 19.)  RegScan submits that BNA had been made aware

1

that the product was confidential and proprietary, because the product was disclosed following the entry of the Agreement and because RegScan advised that it had filed a patent application that would cover the product.  (Compl. ¶ 1.)

BNA has now launched its own product that RegScan believes "embodies the precise concept proposed by RegScan to BNA nearly two years ago."  (Compl. ¶ 4.)  As a result, Plaintiff brings this action alleging breach of contract, unjust enrichment, tortious interference with prospective business advantage, and misappropriation of trade secrets under the Virginia Uniform Trade Secrets Act, Va. Code. Ann. § 59.1-336 *et. seq.*  (Compl. ¶¶ 47-78.)

      B.    <u>Procedural Background</u>

Plaintiff filed its Complaint on October 19, 2011. [Dkt. 1.]  Along with the Complaint, Plaintiff filed a Motion for Preliminary Injunction.  [Dkt. 5.]  Plaintiff also filed a Motion to File Under Seal, in which it requests that certain exhibits and certain portions of the Complaint, Motion for Preliminary Injunction, and Memorandum in Support of the Motion for Preliminary Injunction be sealed permanently.  [Dkt. 2.] Defendant does not oppose the Motion.  [Dkt. 17.]

Plaintiff's Motion is before this Court.

**II.**    **Standard of Review**

Under well-established Fourth Circuit precedent, there is a presumption in favor of public access to judicial records and a district court has the authority to seal court documents only "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

"The common law presumes a right to inspect and copy judicial records and documents." *Stone v. Univ. of Md. Medical Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "'This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access,' and 'the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Va. Dep't of State Police*, 386 F.3d at 575 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

The First Amendment guarantee of access, however, has been "extended only to particular judicial records and documents." *Stone*, 855 F.2d at 180. Where the First Amendment

3

does guarantee access, the access "may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)).

Regardless of whether the right of access arises from the First Amendment or the common law, it "may be abrogated only in unusual circumstances." *Stone*, 855 F.2d at 182. When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements. *Rushford*, 846 F.2d at 253. As to the substance, the district court first "must determine the source of the right of access with respect to each document," because "only then can it accurately weigh the competing interests at stake." *Stone*, 855 F.2d at 181.

A district court must then weigh the appropriate competing interests under the following procedure: "it must (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft,* 218 F.3d at 288 (citing *Stone*, 855 F.2d at 181; *In re the Knight Publ'g Co.*, 743 F.2d at 235).

**III. Analysis**

The Court will analyze Plaintiff's Motion in light of the above substantive and procedural requirements.

A. <u>Right of Access</u>

The Fourth Circuit has "recognized that the First Amendment right of access extends to civil trials and some civil filings." *ACLU v. Holder*, No. 09-2086, 2011 U.S. App. LEXIS 6216 (4th Cir. Mar. 28, 2011). The court has explained that once documents are "made part of a dispositive motion, they [lose] their status as being 'raw fruits of discovery,' and that discovery, 'which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court.'" *Va. Dep't of State Police*, 386 F.3d at 576 (quoting *Rushford*, 846 F.2d at 252). The Fourth Circuit has held that the First Amendment guarantee applies to documents filed in connection with a summary judgment motion. *See id.*

The First Amendment and common law public rights of access are not unlimited. *Nixon v. Warner Commuc'ns*, 435 U.S. 589, 598 (1978). One of the "established exceptions to the presumption of public access [is] . . . where disclosure might reveal trade secrets." *Under Seal v. Under Seal*, 326 F.3d 479, 485-486 (4th Cir. 2003) (paraphrasing *Nixon*, 435 U.S. at 598-99)). The court must evaluate whether the presence of trade

5

secrets "creates a countervailing privacy right that supports sealing in light of the particular facts and circumstances of the case." *Id.*

### B. Opportunity to Object

Plaintiff publicly filed its motions to seal and delivered a copy to Defendant's registered agent. (Motion at 3.) Defendant does not oppose the motion, although Defendant reserves the right to assert affirmative defense and contest the status of any information as a "trade secret." [Dkt. 17.] The public has had ample opportunity to object to the Motion, and the Court has received no objections; thus, Plaintiff has met the first *Ashcraft* requirement.

### C. Alternatives

Here Plaintiff asserts that the material it proposes to place under seal "consists of trade secrets that have considerable value to the company." (P. Mem. at 2.) RegScan asserts that if the "details of RegScan's new product or its business plan are revealed to its competitors, that product and those plans will lose their economic value to RegScan." (P. Mem. at 2-3.) RegScan brings its action pursuant to Virginia Uniform Trade Secrets Act, which specifically requires courts to employ "reasonable means" to "preserve the secrecy of an alleged trade secret." *See* Va. Code § 59.1-339. In doing so, a court may consider: "[g]ranting protective orders in connection with

6

discovery proceedings; [h]olding in-camera hearings; [s]ealing the records of the action; and [o]rdering any person involved in the litigation not to disclose an alleged trade secret without prior court approval." *Id.*

Considering all the alternatives, this Court finds that sealing the documents is most appropriate because the sealing is narrowly tailored to protect information related to trade secrets. RegScan has prepared public versions of its Complaint, Motion for Preliminary Injunction and Memorandum in Support of Motion for Preliminary Injunction that redact only that material which would reveal its trade secrets. And RegScan has redacted versions of its proposed order, the Declaration of Ned Ertel, and the demand letter that its attorneys sent to Defendant. The sole document that RegScan proposes to seal in its entirety is a confidential presentation that contains RegScan's business plans for developing the product.

D. <u>Decision to Seal</u>

The case before this Court involves private commercial conduct and does not appear to have any substantial relation to an important governmental or political question. Plaintiff has alleged that certain information involves trade secrets and brings the action pursuant to the Virginia Uniform Trade Secrets Act. Assuming the First Amendment right of access applies, the Court finds that there is a countervailing need to protect

7

RegScan's trade secrets.  Given the narrowly tailored request to seal at this early stage of litigation, the Court finds that Plaintiff's request is appropriate.  The Court is not required to make a final decision on the confidentiality of the information at this time.  If a different motion puts the secrecy of the documents before the Court, and it rules as a matter of law that any particular document does not contain trade secrets and that it otherwise should not be subject to the heightened protection of sealing, the Court can then unseal the document.

### IV. Conclusion

For the reasons stated above, the Court will grant Plaintiff's Motion in accordance with this opinion.

An appropriate Order will issue.

|  |  |
|---|---|
| November 1, 2011<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |