IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

REGSCAN, INC.,                        )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )   1:11cv1129 (JCC/JFA)
                                      )
THE BUREAU OF NATIONAL                )
AFFAIRS, INC.,                        )
                                      )
        Defendant.                    )


**M E M O R A N D U M   O P I N I O N**

        This matter is before the Court on Defendant, the
Bureau of National Affairs, Inc. (BNA)'s Objections to
Magistrate Judge's Rulings of May 11 and 18, 2012 [Dkt. 161],
and Defendant's Motion for Reconsideration [Dkt. 172].  Also,
before the Court are Defendant's Motion to Seal Reply [Dkt. 175]
and Defendant's Motion for Leave to File Reply [Dkt. 177].

        For the following reasons, the Court will deny
Defendant's Objections to Magistrate Judge's Rulings of May 11
and 18, 2012, and deny Defendant's Motion for Reconsideration.
The Court will grant Defendant's Motion to Seal Reply and Motion
for Leave to File Reply.

### I. Background

        This case involves allegations that a company used
confidential business information of a competitor, protected by

1

a non-disclosure agreement, to develop a competitive product.
This Court has diversity jurisdiction over this case.  On
January 11, 2012, this Court denied Plaintiff, RegScan, Inc.
(RegScan)'s Motion for a Preliminary Injunction.  (*See* Dkts. 68,
69.)  The underlying facts are already presented in that
Memorandum Opinion.

On March 7, 2012, Magistrate Judge Anderson served as
the mediator in a confidential mediation session.  The day after
the mediation, Magistrate Judge Anderson stayed the case for two
weeks.  [Dkt. 76.]  The parties attended a status conference
before Magistrate Judge Anderson on March 29, 2012.  [Dkt. 79.]
On April 6, 2012, RegScan filed a Motion to Enforce Settlement
and for Sanctions.  [Dkt. 82.]  On April 9, 2012, that Motion
was referred to Magistrate Judge Anderson.  On April 13, 2012,
Defendant filed an Opposition to that motion.  [Dkt. 95.]  And,
on April 17, 2012, RegScan filed a Reply.  [Dkt. 103.]  On April
19, 2012, Magistrate Judge Anderson held a hearing on the Motion
to Enforce Settlement and for Sanctions [Dkt. 109], and on May
1, 2012, he issued Proposed Findings of Fact and Recommendations
[Dkt. 126].

On May 15, 2012, BNA filed an Objection to the
Proposed Findings of Fact and Recommendations ("Objection to
R&R").  [Dkt. 144.]  On May 29, 2012, RegScan filed an
Opposition to the Objection to R&R.  [Dkt. 164.]  On May 30,

2012, this Court granted RegScan's Motion to File Under Seal Opposition to BNA's Objections to R&R.  [Dkt. 168.]  On June 4, 2012, Defendant filed a Motion to Seal Reply [Dkt. 175] and a Motion for Leave to File Reply [Dkt. 177].

### A. Background on Sealing

There also have been multiple other filings relating to sealing.  On May 4, 2012, Defendant filed a Motion for a Protective Order.  [Dkt. 135.]  In it, Defendant requested "the redaction or sealing of documents currently in the record that disclose confidential information from the parties' mediation session and subsequent settlement negotiations made in connection with the mediation; and (ii) directs Plaintiff to refrain from disclosing the parties' confidential settlement communications in future filings or to third parties."  (*Id.*)  On May 9, 2012, Plaintiff filed an Opposition to the Motion for Protective Order.  [Dkt. 138.]  Plaintiff argues that the redaction of the "substantive terms of the settlement including the amount of the lump sum payment and the percentage of the royalty" is sufficient.  (*Id.*)  On May 11, 2012, Magistrate Judge Anderson held a hearing on the Motion for a Protective Order and issued an Order denying it.  [Dkt. 140.]

In another string of filings, on April 20, 2012, Plaintiff filed a Notice Concerning Enforcement of Settlement [Dkt. 113], along with a Motion to Seal [Dkt. 114].  On May 16,

3

2012, BNA filed Opposition to the Motion to Seal. [Dkt. 146.]
Defendant again argued that "RegScan's proposed redactions fail
to preserve the confidentiality of the parties' mediation
communications." (*Id.*) On May 18, 2012, counsel for the
parties appeared before the court and presented argument on
Plaintiff's Motion to File Under Seal its Notice Concerning
Enforcement of Settlement. [Dkt. 149.] Magistrate Judge
Anderson found that the sealing was warranted, as the Notice
Concerning Enforcement of Settlement contained "confidential and
proprietary information to which the public does not already
have access." (*Id.*) The Court also noted that a version of
Plaintiff's Notice Concerning Enforcement of Settlement with
certain portions redacted had been filed publicly. (*Id.*) Thus,
the Court denied BNA's Opposition to the Motion to Seal.

On May 25, 2012, BNA filed Objections to Magistrate
Judge's Rulings of May 11 and 18, 2012. [Dkt. 161.] On June 5,
2012, Plaintiff filed an Opposition to the objections. [Dkt.
180.] On June 1, 2012, Defendant filed a Motion for
Reconsideration, arguing again that RegScan's redactions fail to
preserve the confidentiality of the settlement communications.
(*Id.*) On June 6, 2012, Plaintiff filed an Opposition to the
Motion for Reconsideration. [Dkt. 181.]

On June 8, 2012, this Court held a hearing on
Plaintiff's Motion to Enforce Settlement and for Sanctions [Dkt.

82], Defendant's Objection to the Proposed Findings of Fact and Recommendations issued by Magistrate Judge Anderson on May 2, 2012 [Dkt. 144], Defendant's Objections to Magistrate Judge's Rulings of May 11 and 18, 2012 [Dkt. 161], and Defendant's Motion for Reconsideration [Dkt. 172].  The Court ordered that the parties submit supplemental briefing and attend an evidentiary hearing on the Motion to Enforce Settlement and for Sanctions.  [Dkt. 184.]  On June 25, 2012, both Plaintiff and Defendant submitted supplemental briefing.  (*See* Dkts. 185, 186.)  On July 6, 2012, this Court held an evidentiary hearing on the Motion to Enforce Settlement and for Sanctions and issued a ruling on that motion.

Defendant's Objections to the May 11 and 18, 2012 rulings, Motion for Reconsideration, Motion to Seal Reply, and Motion for Leave to File Reply are all now before the Court.

## II.  Standard of Review

### A. Sealing & Objection to Order

Pursuant to Federal Rule of Civil Procedure 72(a), a District Court will only overturn a Magistrate Judge's Order on a non-dispositive matter if the Order is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

### B. Sealing & Reconsideration

Under Fed. R. Civ. P. 54(b), any order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment." Fed. R. Civ. P. 54(b). Thus, "a district court retains the power to reconsider and modify its interlocutory judgments." *Am. Canoe Ass'n v. Murphy Farms*, 326 F.3d 505, 514-15 (4th Cir. 2003); *see also Fayetteville Investors v. Commercial Builders*, *Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). The district court's reconsideration of an interlocutory order is not subject to the heightened standards that apply to reconsideration of declaratory judgments. *Am. Canoe*, 326 F.3d at 514. Instead, the district judge may exercise his discretion to afford relief from his interlocutory orders "as justice requires." *Fayetteville Investors*, 936 F.2d at 1473. The discovery of substantially different evidence, a subsequent change in the controlling applicable law, or the clearly erroneous nature of an earlier ruling would all justify reconsideration. *See Am. Canoe*, 326 F.3d at 515 (quoting *Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988)).

## III. Analysis

### A. Virginia Law on Settlements

In considering the pertinent confidentiality provisions in this case, the parties do not dispute that

6

Virginia law governs the question of whether they entered an enforceable settlement agreement at the close of the mediation session.

    i.  <u>Virginia Confidentiality Protection for Settlement Communications</u>

Under Federal Rule of Evidence 501, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  Fed. R. Evid. 501; *See also Ashcraft v. Conoco*, 218 F.3d 282, 286 n.5 (4th Cir. 2000) (noting that "in a diversity action the availability of an evidentiary privilege is governed by the law of the forum state" pursuant to Rule 501); *Hatfill v. N.Y. Times Co.*, 459 F. Supp. 2d 462, 465 (E.D. Va. 2006) (noting that the Fourth Circuit has not ruled on the meaning of this part of Rule 501). Here, Virginia law supplies the rule of decision on the issue of whether a settlement agreement was reached.

Thus, the first question is whether any of the claims or defenses in this case is governed by a Virginia privilege. Defendant argues that Virginia's general mediation statute, Va. Code § 8.01-581.22 ("Section 581.22"), which prohibits the disclosure of the confidential mediation communications, is applicable.  (Def.'s Supp. Brief [Dkt. 186] at 3-8.)  Defendant submits that pursuant to Virginia law, the alleged oral settlement agreement and related communications must remain

confidential and that the Court can only consider collateral
evidence in assessing whether there is an enforceable settlement
agreement.[1]  (*Id.* at 5.)  Plaintiff argues that Rule 501 is
inapplicable because "[t]he issue before the Court is one of
confidentiality of settlement communications, not evidentiary
privilege." (Pl.'s Supp. Brief [Dkt. 185] at 3.)  Plaintiff
points out that the Fourth Circuit has declined to adopt and
apply a federal mediation privilege.  (*Id.*)  And, Plaintiff
submits that Defendant's interpretation of the applicability of
Virginia's confidentiality protections would "mandate the
requirement that all settlement agreements be in writing to be
enforceable," something Plaintiff's submit is contrary to the
laws of Virginia.  (*Id.*)

 The Court finds that Virginia's general mediation
statute creates a privilege that is applicable in the instant
action.  *See* Va. Code. Ann. § 8.01-581.22.  Virginia's law
governing mediation states:

> All memoranda, work products and other
> materials contained in the case files of a
> mediator or mediation program are
> confidential. Any communication made in or
> in connection with the mediation, which
> relates to the controversy being mediated,
> including screening, intake, and scheduling
> a mediation, whether made to the mediator,
> mediation program staff, to a party, or to
> any other person, is confidential. However,
> a written mediated agreement signed by the

---

[1] For example, Defendant submits the Court can consider Magistrate Judge
Anderson's order to the parties after the mediation session.  (*Id.* at 5.)

> parties shall not be confidential, unless
> the parties otherwise agree in writing.

Va. Code Ann. § 8.01-581.22.[2]  The statute also provides a number

of exceptions to its statement that "[c]onfidential materials

and communications are not subject to disclosure or discovery or

in any judicial administrative proceeding."  *Id.*

The application of a state privilege to this action

based on diversity jurisdiction is straight-forward from the

text of Rule 501.  *See Hatfill*, 459 F. Supp. 2d at 465; *see also*

*Olam v. Congress Mortg. Co.*, 68 F. Supp. 2d 1110, 1121 (N.D.

Cal. 1999) (finding that a motion to enforce as a state law

proceeding must be governed by the state law of privilege

pursuant to Rule 501).  And, the Court finds that Section

581.22's guarantee of confidentiality of mediation materials and

communications is a "privilege" within the meaning of Rule 501.

The Rule does not define the meaning of the word

"privilege," nor has the Fourth Circuit interpreted it.  In

considering whether Virginia considers Section 581.22 a

"privilege," there is strong support for the fact that it does,

despite not labeling it as such.  While the Virginia Code

explicitly uses the word "privilege" with regard to marital

communications (*see* Va. Code § 8.01-398), it does not use the

---

[2] There is also a section of the Virginia Code that applies to court-referred
dispute resolution proceedings.  It only applies to Virginia Circuit and
General District Courts and so it is not applicable here.  *See* Va. Code Ann.
§ 8.01-576.4.

word "privilege" with regard to the protection of communications between physicians and patients (*see* Va. Code § 8.01-399) or the protection of communications between priests and penitents (*see* Va. Code § 8.01-400).  Yet, both the courts of Virginia and the Fourth Circuit refer to these latter two protections as "privileges."  *See, e.g., Pierce v. Caday*, 422 S.E.2d 371, 373 (Va. 1992) (referring to physician-patient protection as a qualified testimonial privilege); *Nestle v. Commonwealth*, 470 S.E.2d 133, 136-37 (Va. Ct. App. 1996) (referring to both physician-patient and priest-penitent protections as privileges); *Seidman v. Fishburne-Hudgins Educ. Found., Inc.*, 724 F. 2d 413, 416 n.2 (4th Cir. 1984) (referring to both physician-patient and priest-penitent protections as testimonial privileges).  Also, the fact that Section 581.22 specifically states that "[c]onfidential materials and communications are not subject to disclosure or discovery or in any judicial administrative proceeding," strongly suggests that presentation of those materials and communications would amount to testimony that is privileged.

And, other Courts have treated mediation communications governed by state mediation confidentiality provision as protected as a testimonial privilege, despite the absence of the word "privilege."  *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007) (referring to

10

California's code as creating a privilege); *Donahoe v. Arpaio*, No. CV10-2756, 2012 U.S. Dist. LEXIS 76181, at *24 (D. Ariz. June 1, 2012) (interpreting Arizona's code, which makes the mediation process "confidential," as implying a privilege); *Olam*, 68 F. Supp. 2d at 1120 (declining to accept the notion that Rule 501 does not apply if the state does not formally label the protection it offers to mediation communications a "privilege").  Finally, there are very few cases interpreting Section 581.22.  One Virginia Court of Appeals decision that analyzed Section 581.22 the court indicated that it was a testimonial privilege, not a mere confidentiality rule. *Anderson v. Anderson*, 514 S.E.2d 369, 373-75 (Va. Ct. App. 1999) (finding that the trial court had erred in excluding testimony from a psychologist that had acted as a mediator).

Next, as to Plaintiff's point that the Fourth Circuit has declined to create a federal privilege, Rule 501 states that *state* law governs privilege.  And, here state law provides one. Thus, the issue of a federal privilege is not before the Court. Finally, this Court need not reach the question of whether Virginia's confidentiality protections would as Plaintiff argues "mandate the requirement that all settlement agreements be in writing to be enforceable," because, as discussed below, both parties have waived the privilege in their disclosures to the

Court.  As a result, this Court can evaluate whether an oral settlement agreement was reached in this case.

### ii. Local Civil Rule 83.6

Before turning the question of wavier, Plaintiff argues that Local Civil Rule 83.6 governs the issues now before the Court.[3]  (Pl.'s Supp. Brief at 2.)  In order for the local rule to govern, Plaintiff would have to show that it either preempts the state rule or provides some different level of protection that is warranted here.  The Local Rule does not on its face, however, purport to preempt the state privilege.  And, although Plaintiff notes that this Court has jurisdiction to create and enforce local rules governing the confidentiality of settlement conferences and other alternative dispute resolution processes pursuant to 28 U.S.C. § 652(d), Plaintiff does not submit that it preempts Section 581.22.  *See Olam,* 68 F. Supp. 2d at 1121-27 (concluding that Congress did not intend to preempt privileges granted by state mediation statutes that are applied in civil diversity cases under Rule 501).

Also, with respect to the level of protection, the Local Rule only protects the "substance of communication," whereas Virginia's rule protects all communication, along with materials.  Finding Virginia's privilege applicable, the Court

---

[3] Local Rule 83.6(E) states, "[t]he substance of communication in the mediation process shall not be disclosed to any person other than participants in the mediation process; provided, however, that nothing herein shall modify the application of Federal Rule of Evidence 408 nor shall use in the mediation process of an otherwise admissible document, object, or statement preclude its use at trial."

finds that it need not assess the effect of the Local Rule's *lower* level of protection.  *See Olam,* 68 F. Supp. 2d at 1125 (holding that "even when a local rule adopted by a federal district court pursuant to § 652(d) offers more protection to mediation communications than would be offered by the law of the state where the district court sits, the federal court must apply state privilege law when state substantive law is the source of the rule of decision on the claim to which the proffered evidence from the mediation is relevant").

### iii.  Waiver of Confidentiality to the Court

Turning to whether Section 581.22 prevents this Court from evaluating the enforcement of an oral settlement agreement, the statute provides, in part, that "[c]onfidential materials and communications are not subject to disclosure in discovery or in any judicial or administrative proceeding except (i) where all parties to the mediation agree, in writing, to waive the confidentiality . . . ."

Despite Defendant's assertion to the contrary, the Court finds that both parties have waived the privilege by extensively and repeatedly disclosing, in writing, confidential settlement communications to this Court.  BNA argues that "BNA has not waived its right to seal or redact settlement information as to this Court."  (Def.'s Supp. Brief at 5, 19.) But the issue of sealing documents is separate from the issue of

waiving a privilege to the Court.  And BNA conveniently overlooks the fact that it has consistently, in writing, disclosed confidential communications to this Court without asserting any privilege over them.  In BNA's initial opposition, on April 13, 2012, to the Motion to Enforce Settlement before Magistrate Judge Anderson, BNA provided entire sections, titled "negotiations between BNA and RegScan" and "settlement discussion continue after mediation" that disclose confidential communications.  (*See* [Dkts. 95, 101].)  Not once in this opposition did BNA assert that RegScan violated the privilege in RegScan's own disclosure to the Court, or mention Virginia's confidentiality protection (or protection under the Local Rule).  Instead BNA waived its privilege by providing, in writing, its own version of the confidential communications.[4]  It was not until the May 15, 2012, Objection to the R&R that BNA even raised the issue of disclosure of confidential mediation communications and there it was a specific objection to Judge Anderson's disclosure.  (*See* [Dkt. 144].)  And, BNA's later arguments are in the context of sealing and disclosure of confidential communications to the public, and do not confront the fact that requesting to seal information is different than asserting a privilege over it.

---

[4] The Court notes that BNA's did not waive the privilege to the Court at the earlier March 29, 2012 status conference before Judge Anderson, as Judge Anderson was the mediator, and thus communications remained under the protection of the privilege.

"[W]aiver is the intentional relinquishment or abandonment of a known right." *Brickwood Contrs., Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 395 (4th Cir. 2004) (quoting *United States v. Olano*, 507 U.S. 725, 733, 123 L. Ed. 2d 508, 113 S. Ct. 1770 (1993)); *NCNB Nat'l Bank v. Tiller*, 814 F.2d 931, 938 (4th Cir. 1987) *rev'd on other grounds*, *Bushby v. Crown Supply Inc.,* 896 F.2d 833, 840-41 (4th Cir. 1990).  Here, Defendant failed to object to the information initially disclosed by Plaintiff and voluntarily provided its own account of events without asserting privilege.  As a result, the Court finds that the protection of Section 581.22 has been waived, permitting this Court to consider the underlying communications in assessing whether there the parties reached a settlement agreement.

B. <u>Sealing</u>

In the motions currently before the Court, Defendant asserts that this Court should change its position on sealing confidential communications.

i. <u>Parties Arguments</u>

Defendant's Objections to Magistrate Judge's Rulings of May 11 and 18, requests that a range of documents be stricken from the docket and permanently sealed.  (*See* [Dkt. 161-3].) And, with its Motion for Reconsideration, Defendant seeks to add Plaintiff's Opposition to Defendant's Objection to Proposed

15

Findings of Fact and Recommendations [Dkt. 166] to the list.
(Mot. [Dkt. 177] at 1.)  Defendant requests Plaintiff to re-file
redacted versions as it proposes in exhibits to its Objections.
[Dkt. 161-3.]  Defendant also requests that the transcript of a
Status Conference held on March 29, 2012 be sealed and the
unredacted transcript be stricken from the docket.  Defendant
proposes it would file a redacted version of the transcript.
(*Id.*)

Defendant argues that the May 11, 2012, Denial of
Motion for Protective Order is clearly erroneous or contrary to
the law because (1) it ignores the prohibition on the disclosure
of confidential mediation communications provided by the Local
Civil Rules and federal and state law; (2) it ignores the
presumption of confidentiality for mediation communications and
the burden on RegScan to show the "manifest injustice" of non-
disclosure; (3) it incorrectly places on BNA the burden of
showing harm; and (4) BNA has not waived, expressly or
impliedly, the confidentiality of the mediation communications.
(Mot. [Dkt. 161] at 8.)  And, Defendant argues that the May 18,
2012, Order granting Plaintiff's Motion to Seal is clearly
erroneous or contrary to the law insofar as the redacted version
approved for public filing does not redact confidential
mediation communications in a manner consistent with Local Civil
Rule 83.6(E) and federal and state law.  And that, BNA timely

16

opposed RegScan's motion and did not waive its right to object to RegScan's proposed redactions. (*Id.* at 9.)  Defendant makes the same arguments in its Motion for Reconsideration. (*See* Mem. in Supp. Mot. [Dkt. 173].)

  ii. <u>Balancing</u>

   Under well-established Fourth Circuit precedent, there is a presumption in favor of public access to judicial records and a district court has the authority to seal court documents only "if the public's right of access is outweighed by competing interests." *Ashcraft,* 218 F.3d at 302  (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).  "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

   "The common law presumes a right to inspect and copy judicial records and documents." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).  "'This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access,' and 'the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Va. Dep't of State Police*, 386

F.3d at 575 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846
F.2d 249, 253 (4th Cir. 1988)).

      The First Amendment guarantee of access, however, has
been "extended only to particular judicial records and
documents." *Stone*, 855 F.2d at 180.  Where the First Amendment
does guarantee access, the access "may be denied only on the
basis of a compelling governmental interest, and only if the
denial is narrowly tailored to serve that interest." *Id.*
(citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501,
510 (1984)).

      Regardless of whether the right of access arises from
the First Amendment or the common law, it "may be abrogated only
in unusual circumstances." *Stone*, 855 F.2d at 182.  When
presented with a request to seal judicial records or documents,
a district court must comply with certain substantive and
procedural requirements. *Rushford*, 846 F.2d at 253.  As to the
substance, the district court first "must determine the source
of the right of access with respect to each document," because
"only then can it accurately weigh the competing interests at
stake." *Stone*, 855 F.2d at 181.

      A district court must then weigh the appropriate
competing interests under the following procedure: "it must (1)
give public notice of the request to seal and allow interested
parties a reasonable opportunity to object, (2) consider less

drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft,* 218 F.3d at 288 (citing *Stone*, 855 F.2d at 181; *In re the Knight Publ'g Co.*, 743 F.2d at 235).

Here, the Court finds that Defendant has not shown that the Court's previous sealing of settlement communications is clearly erroneous when balanced against the interest of public access established under the common law.  Thus, the Court need not address whether the public has an additional interest pursuant to the First Amendment.  Whether memoranda filed in connection with a motion to enforce a settlement agreement receives First Amendment protection is an open question in the Fourth Circuit and it is a question this Court will not reach at this time.

This Court recognizes that "[t]he assurance of confidentiality is essential to the integrity and success of the Court's mediation program, in that confidentiality encourages candor between the parties and on the part of the mediator, and confidentiality serves to protect the mediation program from being used as a discovery tool for creative attorneys." *In re Anonymous*, 283 F.3d 627, 636 (4th Cir. 2002).  As a result, it has consistently permitted the redaction of confidential communications about the settlement negotiations in this case.

Defendant, however, now seeks to retroactively seal and redact a much wider scope of communication.[5] Yet, Defendant's reliance on privilege is unavailing, as Defendant waived that protection and made the communications part of this judicial record. And, Defendant's point that there is a legitimate interest in assuring confidentiality of settlement negotiations has not gone unnoticed. It is the basis of the Court's earlier redactions. If the confidentiality of particular communications was so important as now to warrant retroactively redacting additional information that has been in the public domain for months, then Defendant should have asserted its privilege and objected to Plaintiff's original Motion to Enforce Settlement, as opposed to waiving the privilege by responding with its own version of events and no mention of privilege or confidentiality.

The Court also notes that hearings of the transcripts Defendant seeks to redact were public. And the partially redacted documents that Defendant now wants to redact more heavily have been in the public domain for some time--some of them for months. The willingness of parties to permit public disclosure of information they then want sealed is always a factor in this Court's analysis to seal. It is a type of

---

[5] For example, Defendant submits that the following things should also be redacted: where Mr. Shew's office is located and where he was on the March 29, 2011, hearing; whether there were subsequent negotiations between Mr. Shew and Mr. Ertel; whether BNA is interested a future settlement; and whether Mr. Shew had authority to act for BNA. (*See* Dkt. 161-1, Ex. A-1.)

"waiver," but it is not the same as a waiver of the privilege. In short, sealing is a balancing test, and the Court finds that Defendant has not demonstrated that this Court's previous balancing is "clearly erroneous or contrary to law" or that there was a clear error in this Court's earlier ruling.[6]

Finally, the Court finds that *In re Anonymous*, addressed a significantly different situation than the one currently before the Court.  In that case, the Fourth Circuit considered disclosure by the parties to an arbitration panel sponsored by the Virginia State Bar.  *In re Anonymous,* 283 F.3d at 630.  The disclosure was related to a dispute over litigation expenses.  *Id.*  And, the Fourth Circuit interpreted a confidentiality provision that did not provide for a waiver. *Id.*  There the Court stated that "in determining whether waiver is appropriate, we must balance the public interest in protecting the confidentiality of the settlement process and countervailing interests, such as the right to every person's evidence."  *Id.* at 637.  The Court concluded, "[w]e believe that the balance between these interests is best resolved by disallowing disclosure unless the party seeking such disclosure

---

[6] Also, Defendant argues that Magistrate Judge Anderson improperly shifted the burden to BNA to show why the presumption of confidentiality should be overcome.  (D. Obj. [Dkt. 171] at 17.)  Yet, that argument conflates the issue of a waiver of confidentiality to the Court with the issue of sealing documents from the public.  Defendant was seeking to redact and seal certain information from the public, and so the burden was ultimately on Defendant. To the extent that Magistrate Judge Anderson also conflated the issue, the Court finds that his final determination was not clearly erroneous or contrary to the law.

can demonstrate that 'manifest injustice' will result from non-disclosure." *Id.* The Court explained that, "[a]pplication of the manifest injustice standard requires the party seeking disclosure to demonstrate that the harm caused by non-disclosure will be manifestly greater than the harm caused by disclosure." *Id.* (noting that "in most instances, an expense dispute between lawyer and client should easily be resolved without reference to settlement negotiations").

Defendant relies heavily on this case, yet it is different in two important respects. First, the Court was not faced with documents and memoranda in a court proceeding, and so the Court did not assess the presumption in favor of public access to judicial records. Rather it noted the public's general interest in protecting confidentiality of settlement proceedings, and the parties' interest in using the communications disclosed in the proceedings as evidence in there expense dispute. The Court never considered the right to inspect and copy judicial records and documents once they are filed with the Court, as they have been here. Second, the Court was faced with a confidentiality provision that did not provide for waiver. As previously discussed, this Court finds Defendant waived its privilege by disclosing confidential communications to the Court. As a result, the Court concludes that Defendant has not demonstrated that the Court's previous redactions and

level of protection of confidential communications is
inappropriate and finds that continued extension of it is
appropriate.

### IV.   Conclusion

For the reasons stated above, the Court will deny
Defendant's Objections to Magistrate Judge's Rulings of May 11
and 18, 2012, and deny Defendant's Motion for Reconsideration.
Finally, the Court will grant Defendant's Motion to Seal Reply
and Motion for Leave to File Reply.

An appropriate Order will issue.


/s/<br>
James C. Cacheris

July 19, 2012                    UNITED STATES DISTRICT COURT JUDGE
Alexandria, Virginia